# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Erald Nano__
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: __12 - 30594__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_FILED SEP 28 2012 CLERK'S OFFICE U.S. DISTRICT COURT EASTERN MICHIGAN_

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☒ a preponderance of the evidence that

_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__9/28/12__
_Date_

__/s/ Mona K. Majzoub__
_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Erald Nano Order of Detention

Defendant is a 32 year old Albanian native who has been residing in this country illegally. He has an active immigration (ICE) detainer on him, and had voluntarily agreed to self-deport on September 27, 2012, rather than detained while going through the immigration process for deportation, but because these federal charges were filed, he was arrested and then was unable to leave the country and finds himself in federal custody.

Defendant asks for a bond, claiming that he has lived in this country lawfully for 12 years until his student visa expired. He has completed a degree from WSU in computer science, worked briefly, and then was apprehended by ICE because of his illegal status and placed in immigration custody in August 2012.

He has very few ties to this country, and none to this district, but does have an uncle who lives in Maryland. For the past two years he resided in Royal Oak, Michigan. He is in good physical health and has no history of drug or alcohol abuse. He has no criminal history of any kind. He has an Albanian passport which was seized by agents.

According to the complaint, which charges him with making materially false statements, he has had several (more than seven) Michigan State drivers licenses issued to him since 2003 after he made various claims that his drivers license was either lost or stolen outright from him.

On July 18, 2012, a suicide bomber attacked a bus transporting a group of Israeli tourists in Bulgaria, and the bomber and six other people died in this attack. A Michigan drivers license was recovered at the scene and ultimately it was determined that it was in the custody of the bomber and that it was fraudulent. At least two other fraudulent Michigan Drivers licenses may have been used in connection with that attack. Law enforcement in Bulgaria subsequently discovered that a Michigan drivers license had been recovered in February 2012 in connection with a search of a computer related to a document forgery ring, and that license belonged to Defendant Nano.

Defendant was questioned as to the number of Michigan drivers licenses issued to him over time and to determine if any of his drivers licenses from Michigan had been used as a sample to create fraudulent Michigan drivers licenses which ultimately were circulated internationally. He stated that he had had no more than four drivers licenses issued to him from the State of Michigan.

It appears that since 2003 multiple drivers licenses from Michigan were issued to Nano, including a new license in September 2003, and another one in June 2004. In a four month period from October 2007 - January 2008 four new Michigan drivers licenses were issued to Defendant, at a rate of one new drivers license per month. In January 2008 the Michigan DMV required Defendant to pick up his new licenses in person, because he had claimed that the prior licenses were lost in the mail. Defendant did so in January, and then in April 2008 was back again claiming that he had lost his last license and needed a new one. Then in December 2009 Defendant received a new drivers license (Michigan) claiming to have lost the license issued to him in 2008.

Defendant poses a risk of flight by a preponderance of the evidence, due to his lack of community ties, his illegal immigration status, and the pending federal charges which he is facing. Also he was arrested on the day that he had agreed to voluntarily deport and was heading for Albania. He has strong ties to Albania, and none to his district. It is unlikely that he would appear for his court dates if given a bond under these circumstances. He would be remanded to ICE custody if given a bond, and then deported before his federal case could proceed to trial.

There is no condition or combination of conditions that would assure his appearance in court. There for Detention is Ordered.